No. 21,774.

ELLA NELSON, *Appellee,* v. THE INTER-OCEAN CASUALTY COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

ACCIDENT INSURANCE — *Findings Sustained by Evidence.* The evidence in an action to recover on an accident insurance policy examined, and held sufficient to sustain special findings of the jury that the deceased came to his death through violent, external, accidental, and involuntary means—a fall while carrying a scantling—whereby he sustained severe internal injuries.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed December 7, 1918. Affirmed.

*James W. Reid,* of Parsons, for the appellant.

*Archie D. Neale,* of Chetopa, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on an accident insurance policy. The defense was that the death of the assured resulted from disease, and not from accident. The plaintiff recovered, and the defendant appeals.

Nelson v. Casualty Co.

The principal contentions of the defendant are that the special findings and verdict of the jury were not sustained by sufficient evidence, and were contrary to the evidence.

The deceased, who was a painter and paper hanger, had enjoyed good health for many years previous to an injury which it is not disputed he received a few days before his death. While at work painting a house he had occasion to carry a'piece of timber, and while doing so, fell. He immediately complained of being hurt, groaned, and said, "I hurt my side awful." His employer went to the side of the house where he was, and he said he was hurt, said .he thought something had given way, that it felt to him like something had given way, and said he did not believe he could work the remainder of the afternoon. He walked to a near-by street-car line, took a car, and went home. His home was about a block from the place where he left the car, and in traveling that distance he walked very slowly, although he was usually a rapid walker. He arrived at his home about three o'clock in the afternoon, and told his wife he had hurt his side, said he felt something give way, and complained of suffering severely in his side and back. The accident occurred on Saturday. On Monday at about two o'clock in the afternoon he took to his bed, kept growing worse, and died . on Friday morning. He called a physican on Monday morning. The physician testified that because the deceased complained of difficulty in breathing, he thought there were internal injuries.

The foregoing facts, gleaned from the testimony favorable to the plaintiff, were ample to sustain the special findings that. the deceased came to his death through violent, external, accidental, and involuntary means—a fall while carrying a scantling—whereby he sustained severe internal injuries.

A witness who claimed he saw the deceased fall introduced into his account of the accident a banana peeling on which the deceased slipped, and the physician who attended the deceased included in his account of the fatal illness, lead colic induced by lead poisoning. Whether or not these features of the testimony, or either of them, should be believed, was a matter for the jury to determine. What the jury believed may be inferred from the fact that in stating the cause of injury the jury did not say the deceased slipped, and in stating the cause

of death the jury expressly excluded lead poisoning and lead colic.

There is nothing else in the case. An amendment of the pleading was, under the circumstances attending the application to amend, a subject within the discretion of the court. The plaintiff was not concluded by the physician's statement which accompanied proof of death, that the deceased was afflicted with lead poisoning. Instructions requested and refused and an instruction given over objection, involving the subject of lead poisoning and lead colic, are now immaterial, in the light of the special findings. The special findings brought the injury sustained clearly within the terms of the policy.

A cross appeal relating to an increase in the amount of recovery is without merit: first, because the subject was covered by an instruction to the jury of which plaintiff did not complain by motion for a new trial or otherwise; and second, because the instruction was correct.

The judgment of the district court is affirmed.